UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

MARTHA SWEET, )
 )
 Plaintiff, )
 )   No. 1:14-cv-148-CLC-SKL
v. )
 )
COMMISSIONER OF SOCIAL SECURITY, )
 )
 Defendant. )

**REPORT AND RECOMMENDATION**

Before the Court is Plaintiff's motion for attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d) [Doc. 20].[1] Defendant has filed a response stating Defendant has no objection to the amount requested in Plaintiff's motion, but states that any EAJA fee award should be payable to Plaintiff and may be subject to an offset [Doc. 25].

**I. ENTITLEMENT TO FEES**

In order to recover attorney's fees under the EAJA, four conditions must be met: (1) the plaintiff must be a prevailing party; (2) the application for attorney's fees, including an itemized justification for the amount requested, must be filed within 30 days of the final judgment in the action; (3) no special circumstances warranting denial of fees may exist; and (4) the government's position must be without substantial justification. 28 U.S.C. § 2412(d); *see also Damron v.*

---

[1] Plaintiff has also submitted a corrected Declaration of Plaintiff's Attorney with the statement of time spent for counsel and paralegal time incurred [Doc 24], a Memorandum in Support of Motion for EAJA Fees with [Doc. 22], and a fee agreement between Plaintiff and her counsel [Doc. 22-3]. This matter has been referred to the undersigned for a report and recommendation pursuant to 28 U.S.C. §636(b) and Fed. R. Civ. P. 72(b). *See In re: Referral of Social Security Cases*, SO-09-01 (Feb. 2009).

*Comm'r of Soc. Sec.*, 104 F.3d 853, 855 (6th Cir. 1997). There is no dispute that Plaintiff is a prevailing party. *See Shalala v. Shaefer*, 509 U.S. 292, 302 (1993) ("A sentence-four remand, of course, is a judgment *for* the plaintiff."). Second, Plaintiff's motion is timely. *See* Fed. R. App. P. 4(a)(1)(B), (a)(7); *Schaefer*, 509 U.S. at 298 (*quoting Melkonyan v. Sullivan*, 501 U.S. 89, 102 (1991)). Third, Defendant bears the burden of proof to show Defendant's position was substantially justified, *Peck v. Comm'r of Soc. Sec.*, 165 F. App'x 443, 446 (6th Cir. 2006), and Defendant has declined to attempt any such showing. And fourth, in the absence of any opposition from Defendant, the Court finds no special circumstances warranting denial of fees. I therefore **CONCLUDE** Plaintiff is entitled to an award of a reasonable attorney's fee. *See* 28 U.S.C. § 2412(d)(2)(A) ("'fees and other expenses' includes . . . reasonable attorney fees").

## II. AMOUNT OF FEES

An attorney fee award under the EAJA cannot exceed $125 per hour unless justified by increases in the cost of living. 28 U.S.C. § 2412(d)(2)(A). Plaintiff seeks fees at an hourly rate of $183.13 for 29.30 hours of attorney work, and 8.40 hours of paralegal work at an hourly rate of $50.00 for paralegal time. Defendant does not oppose the fee request. Plaintiff used the cost-of-living formula to calculate that the appropriate hourly rate for attorney work performed in 2015 is $183.13, and states that in 2008 it was determined that $50.00 was an appropriate hourly rate for paralegal work. Defendant does not oppose the fee request and does not dispute these are the correct hourly rates.

As such, I **RECOMMEND** Plaintiff be awarded attorney's fees in the amount of $183.13

per hour for 29.30 hours of attorney time (requested amount is $5,365.56[2]) and fees in the amount of $50.00 per hour for 8.40 hours of paralegal time (which equals $420.00), for a total of **$5,785.56**.

Plaintiff specifically requests the award be paid to counsel pursuant to an assignment of fees agreement between Plaintiff and her counsel [Doc. 22; Doc. 22-3]. However, the Court is unaware of whether Plaintiff owes the Government a pre-existing debt. The Government, not the Court, determines whether such debt is owed. In light of the Supreme Court's ruling in *Astrue v. Ratliff*, 560 U.S. 586, 593 (2010), the Court finds that the EAJA award **SHALL** be paid to the Plaintiff and not to the Plaintiff's counsel because the award is still subject to any debt owed by Plaintiff under the Treasury Offset Program. *See* 31 U.S.C. § 3716. It will be left to Defendant's discretion as to whether to honor Plaintiff's assignment of fees to her attorney if an absence of debt is verified. *See generally Ratliff*, 560 U.S.591 (2010) (stating the statute "clearly distinguish[es] the party who receives the fees award (the litigant) from the attorney who performed the work that generated the fees"); *Bryant v. Comm'r of Soc. Sec.*, 578 F.3d 443, 448-49 (6th Cir. 2009) ("Like the Fourth, Tenth, and Eleventh Circuits, we are persuaded by the plain language of the EAJA and conclude that the prevailing party, and not her attorney, is the proper recipient of attorney fees under the EAJA.").

---

[2] Plaintiff filed a notice of filing of corrected affidavit [Doc. 23] and a corrected declaration (affidavit) of counsel [Doc. 24], stating that the previously filed attached statement of time spent was incorrect in that the attorney time was incorrectly multiplied with the rate resulting in an incorrect requested total attorney's fee amount. However, the dollar amount supplied in the corrected affidavit's Statement of Time Spent as to total attorney time of $5,365.71 [Doc. 24, Page ID # 1622] conflicts with the total attorney time amount of $5,365.56 as requested in Plaintiff's motion, memorandum, and notice of filing of corrected affidavit [Docs. 20, 22 & 23]. The Court will use the amount of $5,365.56 as requested throughout Plaintiff's filings [Docs. 20, 22 & 23].

### III. CONCLUSION

Accordingly, I **RECOMMEND**[3] that Plaintiff's motion for attorney's fees under the EAJA [Doc. 20] be **GRANTED** to the extent and that Plaintiff be awarded attorney's fees in the amount of **$5,785.56**.

s/ Susan K. Lee
SUSAN K. LEE
UNITED STATES MAGISTRATE JUDGE

---

[3] Any objections to this report and recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Such objections must conform to the requirements of Rule 72(b) of the Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the district court's order. *Thomas v. Arn*, 474 U.S. 140, 149 n.7 (1985). The district court need not provide *de novo* review where objections to this report and recommendation are frivolous, conclusive and general. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Fed'n of Teachers*, 829 F.2d 1370, 1373 (6th Cir. 1987).